IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY INTERNATIONAL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEBRA HAALAND, *et al.*, <br><br> *Defendants*. | Case No. 1:24-cv-2717-SLS |

**STIPULATED SETTLEMENT AGREEMENT AND ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Humane Society International, the Humane Society of the United States, Humane Society Legislative Fund, and the Center for Biological Diversity (collectively, "Plaintiffs") and Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service ("the Service") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, Defendants received Plaintiffs' petition dated March 24, 2022, requesting that the Service list the common hippopotamus (*Hippopotamus amphibius*) as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.;

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in which the Service concluded that Plaintiffs' petition presented "substantial scientific or commercial information indicating that listing the common hippopotamus . . . under the [ESA] may be warranted," 88 Fed. Reg. 16933, 16935 (Mar. 21, 2023);

WHEREAS, Plaintiffs sent Defendants a letter dated March 21, 2024, stating their intent to file suit to compel the Service to complete a "12-month finding" pursuant to 16 U.S.C. § 1533(b)(3)(B) with respect to Plaintiffs' petition to list the common hippopotamus;

1

WHEREAS, on September 24, 2024, Plaintiffs filed the above-captioned action to compel the Service to complete the 12-month finding with respect to Plaintiffs' petition to list the common hippopotamus by a date certain;

WHEREAS, Plaintiffs and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.     On or before July 27, 2028, the Service shall review the status of the common hippopotamus and submit to the Office of the Federal Register a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) as to the listing of the common hippopotamus.

2.     The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim

before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to Paragraph 1. To challenge any final determination issued pursuant to Paragraph 1, Plaintiffs will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiffs $15,558.60 in attorneys' fees and costs. Plaintiffs agree to accept the $15,558.60 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiffs reasonably incurred in connection with the above captioned litigation through the signing of this Agreement, including in pursuit of Plaintiffs' claims for such fees, costs, and expenses.

6.  Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

7.  Payment will be made to Plaintiffs by electronic funds transfer into the account identified in Paragraph 8. Plaintiffs and their attorneys agree to hold Defendants harmless in any litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, other than for an allegation of Defendants' breach of this Agreement.

8.  No later than ten (10) days after the entry of an order approving this Agreement, Plaintiffs' counsel shall provide counsel for Defendants the following information necessary to process the payment set forth in Paragraph 5: the Plaintiffs' names, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and account number, the account type, the Automated Clearing House ("ACH") routing number or the American Banking Association ("ABA") routing number for FedWire payment, the bank routing transit number ("RTN"), and Plaintiffs' tax identification numbers.

9.  Defendants agree to submit to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiffs or from approval of this Agreement by the Court, whichever is later. Plaintiffs, through counsel, shall confirm receipt of the payment to Defendants within seven (7) business days of Plaintiffs' counsel receiving notice of such payment.

10. By entering into this Agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

11. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species. This Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in settling or litigating any other attorneys' fees. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

13. This Agreement contains all the terms of agreement between the parties concerning Plaintiffs' Complaint and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations

or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: January 8, 2025    Respectfully submitted,

TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel:   (202) 305-5751
Fax:   (202) 305-0275

       Email:   Astrid.Cevallos@usdoj.gov

*Attorneys for Federal Defendants*

*/s/ Katherine Hendrix (with permission)*
Katherine Hendrix (DC Bar No. CA00207)
Phone: (617) 872-0558
Email: khendrix@humanesociety.org
The Humane Society of the United States
1255 23rd Street, NW, Suite 450
Washington, DC 20037

Tanya Sanerib (DC Bar No. 473506)
Phone: (206) 379-7363
Email: tsanerib@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211

Margaret Robinson (DC Bar No. 241415)
Phone: (434) 260-4871
Email: mrobinson@humanesociety.org
The Humane Society of the United States
1255 23rd Street, NW, Suite 450
Washington, DC 20037

*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: 02/03/2025

                                                  _____
                                                  HONORABLE SPARKLE L. SOOKNANAN
                                                  UNITED STATES DISTRICT JUDGE